---

THE SAME v. THE SAME.—ON REHEARING.

LABAUVE, J.   This case is on a rehearing.

On the 29th day of December, 1858, the defendant, being incorporated by an act of the Legislature, tendered a cession of its property to its creditors, under the law of voluntary surrender by insolvent debtors.   The Judge accepted the same for the benefit of its creditors; ordered a meeting of said creditors to be convened before a notary public, on the 7th day of February, 1859, to deliberate on the affairs of said company and to appoint a syndic; ordered a stay of all judicial proceedings against the property of said company, and appointed an attorney to represent the absent creditors.

The acknowledged debts of the company, as per statement annexed to the petition for a surrender, amounted to $199,145 72.

At the meeting held under the order of Court, all the creditors appearing, representing together an amount of debts of $184,376 21, voted to accept the surrender, and for R. Wells for syndic, and for a sale, for cash, of all the property and assets of the company.·

The attorney for the absent creditors appeared at said meeting, and reserving all rights to his constituents, declared that he had no objection to offer to what had been done, or to the homologation of the same, and signed the deliberation.

Wells was duly confirmed and qualified as syndic, and on his application, the movable property surrendered was ordered by the Judge to be sold by the sheriff, for cash.

On the 23d May, 1858, the syndic filed a provisional tableau of distribution, in which he charges himself with a total amount of net receipts,

resulting from proceeds of sales of property, say............ $50,198 18

Out of which he deducts certain disbursements for expenses, 15,519 83

Leaving, for distribution, a balance of.................... $34,678 35

The privileged claims are put down at the sum of $60,735 65, added up together.

After order and publication of notice, as required by law, this tableau of distribution was duly approved and homologated by the Judge, so far as the same was not opposed, on the 4th June, 1859. All the oppositions which were between privileged creditors were withdrawn, and dismissed in February, 1860; and the syndic, on a rule, was ordered to pay certain privileged creditors, in pursuance of the judgment of homologation of the tableau of distribution, the sum of $5,625.

This judgment was signed on the 25th February, 1860.

The plaintiff, James Jeffries, a citizen of the State of Pennsylvania, filed this suit on the 18th January, 1859, to annul the judgment of the 29th December, 1858, accepting the cession of property for the benefit of the creditors of said company, and praying for a judgment against said property for $3,262 62.

After a long litigation, a final judgment was rendered by the District Court, on the 23d March, 1860, annulling said order accepting said surrender, and the said company was ordered to pay said plaintiff the amount claimed in his petition.

In the meantime, between the filing of this suit and the judgment rendered therein, the regular proceedings in insolvencies went on—meeting of creditors, appointment of syndic, order of sales, tableau of distribution of proceeds of sales, judgment of homologation, etc. After having obtained judgment, plaintiff proceeded to execute the same on the property of said company, and he garnisheed the Bank of America, Richard Wells and others, and interrogatories, filed 30th April, 1860, were propounded to and answered by them. The garnishees showed by their answers that they had nothing in their hands belonging to the company, and what they had belonged to the creditors of said company, represented by their syndic, R. Wells.

The answers of Richard Wells, to the interrogatories propounded to him, are principally as follows:

" I have nothing in my possession, or subject to my control, belonging to the defendant, the Belleville Iron Works Company, so far as I am advised and believe. As syndic of the creditors of said Belleville Iron Works Company, I received possession of the assets set forth in the schedule, filed on behalf of said company in the case now pending in this Court, entitled *Belleville Iron Works Company* v. *Their Creditors*, No. — on the docket of said Court, and to which schedule, and to the tableau filed therein, respondent refers for greater certainty."

67

" No ; except as above stated, in my capacity of syndic; in which capacity I hold funds in cash and notes, as set forth in the tableau of distribution, already referred to above, and which has been duly homologated by the judgment of the Court. The amounts so received appear on said tableau, but respondent does not now recollect the same, and cannot state the amount, without referring to the tableau, with entire precision. The amount is believed to have been about between four thousand and five thousand dollars."

" A. Converse answered that he was indebted to Richard Wells, in his capacity of syndic of the creditors of the said Belleville Iron Works Company. On the 10th March, 1860, the lease of the property occupied by said company, for the unexpired term thereof, ending on the 31st December, 1865, was sold at public sale by the sheriff, under the order of this Court, and adjudicated to me at the rate of one thousand dollars per year, payable quarterly, at the period fixed by the original lease, say on the 1st January, April, July and October, of each and every year. Nothing has yet been paid on account of the rent accruing under said purchase."

William G. Hewes, President of the Bank of America, answered, in substance :

" That the bank had on deposit, in the name of R. Wells, syndic of said company, $11,867; but, of that amount, $11,000 had already been garnisheed by order of the United States Circuit Court, in the case of *Holdun & Co.* v. *Belleville Iron Works Company.*"

On the 18th June, 1860, the plaintiff took a rule on the garnishees to show cause why they should not pay in solido the amount of the judgment, in his favor, against said company, say $4,000, on the grounds, in substance, that the amount in their possession has been seized and made subject to said judgment; that the indebtedness of Converse amounts to said judgment ; that the distribution of the funds by tableau, referred to by R. Wells, is illegal and void; and, if not so, is, as to plaintiff, res inter alia acta ; that said Wells is not entitled, as against this plaintiff, to the commission claimed by him as provisional syndic; that the money in the Bank of America is still undisturbed and under the control of the Court.

The garnishees excepted to this rule, on the ground :

That, according to the showing of the actor in said rule, the proceeding cannot be sustained, as it attempts to annul or ignore the proceedings of the *Belleville Iron Works Company* v. *Its Creditors,* and that said proceedings must be annulled by a regular suit brought for that purpose, in the ordinary form of judicial proceedings.

This exception was sustained, and the rule dismissed. The plaintiff appealed.

We have decided in our former opinion, that the judgment on the 23d March, 1860, fully annulled, in all its parts, the order of the Judge, dated 29th December, 1858, accepting the cession of property of the company

for the benefit of its creditors. This suit was brought on the 18th January, 1859, even before the meeting of the creditors. We have granted a rehearing to afford an opportunity to examine to what extent the proceedings, to which plaintiff was not a party, would bind and affect him. While this suit was pending, and the syndic being a party therein, the proceedings were carried on as if there had been no suit to set aside the accepted cession of the property. We have re-examined the case, and bestowed a good deal of time and attention upon it, and we have come to the same conclusion as before : that the judgment rendered on the 23d March, 1860, fully annulled, in all its parts, the order dated 29th December, 1858, and allowed the creditors to proceed as if there had been no surrender.

We have also examined the question, as to the legal effect of the same judgment upon the anterior proceedings in the surrender, and we have concluded, after the most mature deliberation, that the judgment homologating tableaux of distribution were not binding on plaintiff, so as to prevent him from seizing money and effects yet in the hands of the so-called syndic, or other garnishees, such money and effects being considered as the property of said company, after the judgment setting aside the surrender. Sublato cundamento cadit opus.

It is therefore ordered and decreed, that our former judgment remain undisturbed.